UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TARIQ JABRI, and FALON CHARLES-JABRI, | : : : | **Civil Action No. 22-7448 (JXN) (AME)** |
| Plaintiffs, | : : | **and** |
| v. | : : | **Civil Action No. 23-600 (JXN) (AME)** |
| MARILYN GONZALEZ a/k/a BRANCH MANAGER FOR CAPITAL ONE BANK, and RICHARD D. FAIRBANK CAPITAL ONE CHAIRMAN AND CEO. | : : : : : | **OPINION** |
| TARIQ JABRI, and FALON CHARLES-JABRI, | : : : | |
| Plaintiffs, | : : | |
| v. | : : : | |
| MARILYN GONZALEZ a/k/a BRANCH MANAGER FOR CAPITAL ONE BANK, and RICHARD D. FAIRBANK CAPITAL ONE CHAIRMAN AND CEO, | : : : : : | |
| Defendants. | : | |

**NEALS**, District Judge:

This matter comes before the Court on the motion of Defendant Marilyn Gonzalez, a/k/a Branch Manager for Capital One Bank ("Gonzalez") and Defendant Richard Fairbank Capital One Chairman and CEO's ("Fairbank") (together, the "Defendants") to dismiss *pro se* Plaintiffs Tariq Jabri and Falon Charles-Jabri's (together, the "Plaintiffs") amended complaint (ECF No. 6-2) (the "Amended Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(2), (5), and (6)[1] (ECF

---

[1] Because the Court dismisses the Amended Complaint under 12(b)(2), (5), it does not address the 12(b)(6) arguments.

1

No. 7) (the "Motion to Dismiss"). Plaintiffs opposed (ECF No. 8) (the "Opposition") and Defendants replied. (ECF No. 12).

The Court has carefully considered the parties' submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Defendants' motion to dismiss (ECF No. 7) is **GRANTED**. Plaintiff's Amended Complaint (ECF No. 6-2) is **DISMISSED** *without prejudice*. Plaintiffs are granted 60 days from the date of the accompanying Order, or by February 16, 2024, to effect proper service of process.

I.     BACKGROUND AND PROCEDURAL HISTORY[2]

This is a civil rights action. On August 8, 2022, Plaintiffs "visited" Capital One Bank's ("Capital One") branch in Newark, New Jersey to open "two [b]usiness [a]ccounts . . . ." (Am. Compl. ¶ 6). While there, the "Branch Ambassador" reviewed Plaintiffs' documents that were provided to the bank. (*Id.* ¶¶ 7-8). The Branch Ambassador "sought the advice of" Gonzalez, the Branch Manager, who "further questioned" if Plaintiffs' business, the Growing Needs Foundation, "would conduct import and export business for car parts" to which Plaintiffs provided an unknown "reply[.]" (*Id.* ¶¶ 8-9).

Ultimately, Gonzalez "loud[ly]" stated "in the lobby [and] in front of everyone" that Plaintiffs would not be able to open the Capital One accounts. (*Id.* ¶¶ 8-9). According to Plaintiffs, Gonzalez's statements were "ugly" and "embarrassing." (*Id.* ¶ 8). After advising Gonzalez that their business would "be taken to another bank with a friendly attitude[,]" Plaintiffs returned and "requested formal documentation" as to "why" the bank accounts "could not be opened." (*Id.* ¶¶

---

[2] The following factual allegations are taken from the Amended Complaint, which the Court must accept as true when deciding a motion to dismiss. *Sheridan v. NGK Metals Corp.,* 609 F.3d 239, 262 n.27 (3d Cir. 2010).

9-10). Gonzalez again reviewed Plaintiffs' materials "and was adamant that the documents" were "insufficient[.]" (*Id.* ¶ 10).

On March 30, 2023, United States Magistrate Judge Andre M. Espinosa entered an Order that consolidated "for all purposes" **2:23-cv-600** and **2:22-cv-7448** and noted that the cases "arise[] out of the same alleged request by Plaintiffs to open two business accounts" at Capital One. (Court's Mar. 30, 2023 Ord. (ECF No. 15) at 2, 4). Therein, Judge Espinosa stated that the only "substantive addition" to the Amended Complaint from the initial complaint is naming Fairbank as a defendant. (*Id.* at 3). This Opinion relates to **23-cv-600** and **2:22-cv-7448** with the same force and effect.

## II.     LEGAL STANDARD

A complaint may be dismissed if the court lacks personal jurisdiction. Fed. R. Civ. P. 12(b)(2). In considering a motion to dismiss under the Rule, the court "is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003) (citation omitted).

A complaint may also be dismissed for insufficient service. Fed. R. Civ. P. 12(b)(5). A litigant may serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). An individual may also be served by: (1) "delivering a copy of the summons and of the complaint to the individual personally;" (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(A)-(C).

3

### III. DISCUSSION

#### A. The Court Does Not Have Personal Jurisdiction Over Fairbank

The Court agrees that it lacks personal jurisdiction over Fairbank (*see* Defs.' Mem. of Law (ECF No. 7-1) (the "Mem. of Law") at 9-11) and dismisses the Amended Complaint against him *without prejudice*.³

"[A] federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *D'Jamoos v. Pilatus Aircraft LTD.*, 556 F.3d 94, 102 (3d Cir. 2009) (citation and internal quotations omitted). New Jersey's long-arm statute "provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citations omitted). The key inquiry on a motion to dismiss is whether "the defendant has certain minimum contacts with" New Jersey "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (citation and internal quotations omissions). Due process allows for two types of personal jurisdiction, general or specific jurisdiction. *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020). Here, neither general nor specific jurisdiction is present.

#### 1. General Personal Jurisdiction

"As the names suggest, general personal jurisdiction is broader than specific personal jurisdiction, reaching all potential claims against the defendant regardless of their connection to the state." *Fischer v. Fed. Express Corp.*, 42 F.4th 366, 383 (3d Cir. 2022). It is established "when

---

³ "A dismissal with prejudice operates as an adjudication on the merits and typically prevents the plaintiff from subsequently litigating his claims in either the original court or any other forum." *Aldossari ex. rel. Aldossari v. Ripp*, 49 F.4th 236, 262 (3d Cir. 2022) (citation and internal quotations omitted). Dismissal for lack of jurisdiction "rather than a view on the merits," should be without prejudice. *Id.* at 262 (citation and internal quotations omitted).

4

the defendants' affiliations with the forum state are so continuous and systematic as to render them essentially at home in the state." *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 173 (D.N.J. 2016 (citation and internal quotations omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ." *Murphy v. Eisai, Inc.*, 503 F. Supp. 3d 207, 223 (D.N.J. 2020) (citation and internal quotations omitted).

Defendants argue that the Court does not have general personal jurisdiction because Fairbank "resides in Virginia, works in Virginia, and manages a company headquartered in Virginia." (Mem. of Law at 11; *see also* Philip A. Goldstein's Jan. 11, 2023, Declaration (ECF No. 7-2) ¶ 7); *gen.,* Opp.). Plaintiffs neither dispute Defendants' assertions nor allege any facts to the contrary as to Fairbank. (*See, gen.,* Am. Compl.). Accordingly, the Court finds that it does not have general personal jurisdiction over Fairbank.

### 2. Specific Personal Jurisdiction

Specific personal jurisdiction "only reaches claims that arise out of or relate to the minimum contacts a plaintiff can demonstrate between the defendant and the forum state." *Fischer*, 42 F.4th at 383 (citation omitted). To establish specific personal jurisdiction, Plaintiffs must show three elements. "First, there must be purposeful availment: minimum contacts with the forum state that show the defendant took a deliberate act reaching out to do business in that state" and "[s]econd, the contacts must give rise to—or relate to—plaintiff's claims." *Hepp v. Facebook*, 14 F.4th 204, 207 (3d Cir. 2021) (citations omitted). "And third, if the first two requirements have been met, a court may [then] consider whether the exercise of jurisdiction "otherwise comports with fair play and substantial justice." *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (citation and internal quotations and brackets omitted).

Here, Plaintiffs' allegations that "Defendant(s) conduct[] business in the City of Newark in the State of New Jersey" and that "all transactions and occurrences alleged in the instant Complaint occurred in the City of Newark, in the State of New Jersey" (*see* Am. Compl. ¶¶ 1, 3), appear to relate only to Gonzalez. Moreover, Fairbank's "position as Chairman and CEO of Capital One" does not establish specific personal jurisdiction. *See Les Giblin LLC v. La Marque,* No. 20-13827, 2021 WL 1997376, at *4 (D.N.J. May 19, 2021) ("[T]he law is clear that a corporate officer or agent who has contact with the forum state only with regard to the performance of corporate duties does not thereby become subject to jurisdiction in his or her individual capacity.") (citation omitted); *Nelligan v. Zaio Corp.*, No. 10-1408, 2011 WL 1085525, at *3 (D.N.J. Mar. 21, 2011) (The "Supreme Court has recognized that jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him.") (citations and internal quotations omitted).

In sum, Plaintiffs have not alleged any minimum contacts by Fairbank to trigger specific personal jurisdiction. Thus, the Court finds that Fairbank has not purposely availed itself of New Jersey courts such that litigation could be brought against him here. And because the first element is not established, the Court need not consider the remaining two. Accordingly, the Court finds that it does not have specific personal jurisdiction of Fairbank.

      **B.**     **<u>Plaintiffs Did Not Properly Serve Defendants</u>**

Defendants argue the Amended Complaint should be dismissed for insufficient service of process. (Mem. of Law at 14-17). The Court agrees, but grants leave to effect service of process.

Generally, a "summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). In addition to following Virginia's service of process requirements, Plaintiffs could have: (1) "deliver[ed] a copy of the summons" and Amended Complaint to Defendants "personally;" (2)

"le[ft] a copy of each at" Defendants' "dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (3) "deliver[ed] a copy of each to" an authorized agent. Fed. R. Civ. P. 4(e)(1), (2)(A)-(C).

Defendants contend that Plaintiffs did not use any of the abovementioned methods when it mailed the Amended Complaint "to the principle executive offices of Capital One" in McLean, Virginia. (Mem. of Law at 15). Further, that Plaintiffs failed to serve Defendants with a summons and violated state law related to service of process. (*Id.* at 14-15). In the Opposition, Plaintiffs state that whether "[i]rregular or not[,]" Defendants were served "as evidenced by the [d]emotion and [r]emov[al]" of Gonzalez as branch Manager, which "serves as acceptance of service." (Opp. at 2). The Court disagrees and finds that dismissal is appropriate. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992) ("Upon determining that process has not been properly served on a defendant, district courts have broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process.").

In citing *Kilinc v. Tracfone Wireless Inc.*, 757 F. Supp. 2d 535 (W.D. Pa. 2010), Defendants assert that because Plaintiffs did not serve a summons, the Amended Complaint should be dismissed. (Mem. of Law at 14). A complaint may be dismissed for failure to serve a summons. *Adam Techs. LLC v. Well Shin Tech. Co.,* No. 18-10513, 2019 WL 3800236, at *6-7 (D.N.J. Aug. 13, 2019) (citing *Kilinc*, 757 F. Supp. 2d at 538). Courts, however, are "reluctant" to grant dismissal when a "plaintiff acts in good faith, but fails to effect proper service of process . . . ." *Ramada Worldwide Inc. v. Shriji Krupa, LLC*, 7-2726, 2013 WL 1903295, at *6 (D.N.J. Apr. 17, 2013) (citations omitted).

Here, Plaintiffs do not dispute that they did not serve a summons on Defendants. Indeed, neither complaint in **2:23-cv-600** nor **2:22-cv-7448** includes a summons. Proof of service has also

7

not been provided. Additionally, Plaintiffs do not state that they sought and obtained a summons (*see* Fed. R. Civ. P. 4(b)) or requested that Defendants waive service (*see* Fed. R. Civ. P. 4(d)(1)). The Court finds that in mailing the Amended Complaint to Capital One's Virginia facility, however, Plaintiffs attempted in good faith to serve process on Defendants. *See Adam Techs. LLC*, 2013 WL 1903295 at *7. Moreover, in receiving a copy of the Amended Complaint and in filing the Motion to Dismiss, Defendants were served even if service "was procedurally improper . . . ." *Ibid.* Therefore, the Court quashes service of process and grants Plaintiffs 60 days to effect proper service of process. Accordingly, the Amended Complaint is dismissed *without prejudice*.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss (ECF No. 7) is **GRANTED**. An appropriate Order accompanies this Opinion.

DATED: 12/15/2023

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge