**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TARIQ JABRI, and FALON CHARLES-JABRI, | **Civil Action No. 22-7448 (JXN) (AME)** |
| Plaintiffs, | |
| v. | **OPINION** |
| MARILYN GONZALEZ a/k/a BRANCH MANAGER FOR CAPITAL ONE BANK, CAPITAL ONE CHAIRMAN AND CEO RICHARD D. FAIRBANK, and CAPITAL ONE BANK, | |
| Defendants. | |

**NEALS**, District Judge:

This matter comes before the Court on two motions: (i) *pro se* Plaintiffs Tariq Jabri and Falon Charles-Jabri's (collectively, "Plaintiffs") motion for default judgment against Defendants Marilyn Gonzalez, a/k/a Branch Manager for Capital One Bank ("Gonzalez"), Capital One Chairman and CEO Richard Fairbank ("Fairbank"), and Capital One Bank ("Capital One")[1] (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 55 (ECF No. 18); and (ii) Defendants' motion to dismiss Plaintiffs' second amended complaint (ECF No. 18-1) ("SAC" or "Second Amended Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(2), (5), and (6) (ECF No. 19).

The Court has carefully considered the parties' submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Defendants' motion to dismiss (ECF No. 19) is **GRANTED** and the

---

[1] Defendants state that Capital One is improperly named as Capital One Bank, rather than Capital One, N.A. (*See* Defendants' Brief ("Defs.' Br.") at 6 n.1, ECF No. 19-1).

Second Amended Complaint (ECF No. 18-1) is **DISMISSED without prejudice**, except for Count I, which is **DISMISSED with prejudice**. Plaintiffs shall effectuate proper service of process within sixty (60) days of the filing of an amended complaint curing the deficiencies addressed in the Opinion. Plaintiffs' motion for default judgment is **DENIED**.

## I.    BACKGROUND AND PROCEDURAL HISTORY[2]

This is a civil rights action. On August 8, 2022, Plaintiffs "visited" Capital One Bank's ("Capital One") branch in Newark, New Jersey to open "two [b]usiness [a]ccounts . . . ." (SAC ¶ 6). While there, the "Branch Ambassador" reviewed Plaintiffs' documents that were provided to the bank. (*Id.* ¶¶ 7-8). The Branch Ambassador "sought the advice of" Gonzalez, the Branch Manager, who "further questioned" if Plaintiffs' business, the Growing Needs Foundation, "would conduct import and export business for car parts" to which Plaintiffs provided an unknown "reply[.]" (*Id.* ¶¶ 8-9).

Ultimately, Gonzalez "loud[ly]" stated "in the lobby [and] in front of everyone" that Plaintiffs would not be able to open the Capital One accounts. (*Id.*). According to Plaintiffs, Gonzalez's statements were "ugly" and "embarrassing." (*Id.* ¶ 8). After advising Gonzalez that their business would "be taken to another bank with a friendly attitude[,]" Plaintiffs returned and "requested formal documentation" as to "why" the bank accounts "could not be opened." (*Id.* ¶¶ 9-10). Gonzalez again reviewed Plaintiffs' materials "and was adamant that the documents" were "insufficient[.]" (*Id.* ¶ 10).

---

[2] Pro se complaints are construed liberally and are "h[e]ld to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pro se litigants must still allege facts, taken as true, to suggest the required elements of the claims asserted. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008); *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

On August 17, 2022, Plaintiffs filed their original Complaint in the Superior Court of New Jersey, Essex County, Law Division against Gonzalez. (*See* ECF No. 1-1). Thereafter, on November 22, 2022, Plaintiffs requested entry of default against Gonzalez and Fairbank. (*Id.*) On December 16, 2022, Plaintiffs filed an Amended Complaint in the Superior Court of New Jersey, Essex County, Law Division, adding Fairbank as a party. (ECF No. 6-2). Shortly thereafter, Defendants removed this case to federal court and moved to dismiss the Amended Complaint. (ECF Nos. 1, 6-7).

On December 15, 2023, this Court granted Defendants' motion to dismiss and dismissed the Amended Complaint without prejudice. (ECF Nos. 16-17). The Court found it lacked either general or specific personal jurisdiction over Fairbank. (ECF No. 16 at 4-6). The Court also dismissed the Amended Complaint for insufficient service of process. (*Id.* at 6-8). The Court stated Plaintiffs "never sought and obtained a summons . . . or requested that Defendants waive service," but found Plaintiffs' mailing of the Amended Complaint to Capital One's Virginia facility evidence that "Plaintiffs attempted in good faith to serve process on Defendants." (*Id.* at 8 (citations omitted)). Accordingly, the Court granted Plaintiffs 60 days to effect proper service of process. (*Id.*)

On January 4, 2024, Plaintiffs moved for default judgment. (ECF No. 18). Plaintiffs' motion included their Second Amended Complaint, which was virtually identical to the Amended Complaint other than adding Capital One as a party. (*See* ECF No. 18-1). On January 18, 2024, Defendants opposed the motion to enter default and moved to dismiss the Second Amended Complaint. (Defs.' Br.).[3] On January 26, 2024, Plaintiffs filed documents pertaining to unrelated

---

[3] For sake of clarity, when citing the parties' briefs and supporting documents, the Court cites to the page number listed in the ECF header. If there is no page number listed in the ECF header, the Court cites to the page number listed in the respective document.

matters in the Superior Court of New Jersey, Chancery Division, Burlington County, and the United States District Court for the District of New Jersey.  (ECF No. 30).  On March 28, 2024, Plaintiffs filed papers that were substantively identical to those filed on January 4, 2024.  (ECF No. 25).  This matter is now ripe for consideration.

## II.   LEGAL STANDARDS

### A.  Motion to Dismiss for Lack of Personal Jurisdiction

To survive a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff "bears the burden of demonstrating the facts that establish personal jurisdiction." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). "However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have all allegations taken as true and factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

Despite having all reasonable inferences drawn in its favor, the plaintiff cannot rely on the bare pleadings alone to defeat a defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. *Patterson v. FBI*, 893 F.2d 595, 604 (3d Cir. 1990) (citing *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984)). "A Rule 12(b)(2) motion . . . is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies." *Id.* at 603 (citing *Time Share Vacation Club*, 735 F.2d at 67 n.9). "Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence . . . ." *Id.* at 603-04.

### B. <u>Motion to Dismiss for Improper Service</u>

Under Federal Rule of Civil Procedure 12(b)(5), a party may file a motion asserting insufficient service of process as a defense. "When a party moves to dismiss under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity." *Laffey v. Plousis*, Civ. No. 05-2796, 2008 WL 305289, at *3 (D.N.J. Feb. 1, 2008) (internal quotation marks omitted), *aff'd*, 364 F. App'x 791 (3d Cir. 2010). Dismissals under these rules, however, must be without prejudice. *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992) (citing *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 875 (3d Cir. 1944)).

### C. <u>Motion to Dismiss for Failure to State a Claim</u>

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under the Rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (cleaned up). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his or] her claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Restatements of a claim's elements are legal conclusions, and therefore, not entitled to a presumption of

truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true[.]" *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

### D.  Motion for Default Judgment

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter default judgment against a properly served defendant.  "Before the Court can enter default judgment, it must find that process was properly served on the Defendant." *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985)).  "[T]he party asserting the validity of service bears the burden of proof on that issue." *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).  "[T]he Court is required to exercise sound judicial discretion in deciding whether [default] judgment should be entered . . . mak[ing] it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default." *Martino v. Comm'r of Soc. Sec.*, No. 19-10999, 2021 WL 1268318, at *1 n.2 (D.N.J. Apr. 6, 2021) (cleaned up).

### III.  DISCUSSION

### A.  The Court Does Not Have Jurisdiction Over Fairbank

Defendants argue that the Court lacks general or specific jurisdiction over Fairbank and, as such, he should be dismissed with prejudice.  (Defs.' Br. at 12-14).  As Plaintiffs have failed to allege any new allegations in the Second Amended Complaint pertaining to Fairbank, the Court will dismiss Fairbank with prejudice.

"[A] federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state[]" so long as the jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (internal quotation marks omitted). The inquiry involves a two-step process: first looking to the state requirements and then to the constitutional requirements. *IMO Indus., Inc. v. Kiekart AG*, 155 F.3d 254, 259 (3d Cir. 1998). In New Jersey, the first step collapses into the second because "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales*, 384 F.3d at 96 (citing N.J. Ct. R. 4:4-4(c)). Accordingly, personal jurisdiction over a non-resident defendant is proper in this Court if the defendant has "'certain minimum contacts with [New Jersey] such that the maintenance of the suit does not 'offend traditional notions of fair play and substantial justice.'" *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (quoting *International Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). In other words, to establish personal jurisdiction, the Due Process Clause requires (1) minimum contacts between the defendant and the forum; and (2) that jurisdiction over the defendant comports with "'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *International Shoe*, 326 U.S. at 320).

"[T]he constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King Corp.*, 471 U.S. at 474 (citing *International Shoe*, 326 U.S. at 316). A defendant must have "'fair warning'" that its conduct will subject it to the jurisdiction of a foreign court. *Burger King Corp.*, 471 U.S. at 472 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J., concurring)). A defendant's conduct and connection with

7

the forum state must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Once a plaintiff demonstrates a *prima facie* case of personal jurisdiction through minimum contacts, the burden shifts to the defendant. In fact, once minimum contacts have been shown, jurisdiction is "presumptively constitutional." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 324 (3d Cir. 2007). A defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King,* 471 U.S. at 477.

Personal jurisdiction may be established by means of general jurisdiction or specific jurisdiction over a defendant.[4] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). If a defendant is subject to a forum's general jurisdiction, he or she can be sued there on any matter. *Id*. If, however, a defendant is solely subject to specific jurisdiction, he or she may only face suit in the forum if its activities concerning the forum are related to the claims in the suit. *Id*.

### i. General Jurisdiction

"General (or 'all-purpose') jurisdiction permits a court to hear any and all claims against a defendant brought within a certain forum, even if those claims have nothing to do with any actions the defendant took in the forum." *Aldossari ex rel. Aldossari v. Ripp*, 49 F.4th 236, 257 (3d Cir. 2022) (citing *Goodyear*, 564 U.S. at 923). The sweeping "breadth" of such jurisdiction imposes one "correlative limit." *Ford Motor Co. v. Mont. Eight Jud. Dist. Ct.*, 592 U.S. 351, 358 (1945). The question is whether the defendant's "affiliations with the State are so 'continuous and

---

[4] Personal jurisdiction can also be obtained through consent, waiver, or in-state service on an individual defendant. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590-97 (1991) (regarding consent via a forum selection clause); *Burnham v. Superior Court of Cal.*, 495 U.S. 604, 628 (1990) (regarding in-state service); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 921 F.3d 98, 104-05 (3d Cir. 2019) (regarding waiver); *Jasper v. Bexar Cnty. Adult Det. Ctr.*, 332 F. App'x. 718, 719 (3d Cir. 1999) (regarding consent).

systematic' as to render [the defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear*, 564 U.S. at 919); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984); *International Shoe*, 326 U.S. at 317. "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all purpose jurisdiction there." *Daimler*, 571 U.S. at 137. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" *Goodyear*, 564 U.S. at 924 (citation omitted). With respect to a corporation, the paradigmatic forum is the place of incorporation and principal place of business.[5] *Daimler*, 571 U.S. at 137 (citation omitted).

Defendants argue that the Court does not have general personal jurisdiction because Plaintiffs have not pled any allegations or set forth "competent evidence establishing that Fairbank is domiciled in New Jersey or has other contacts with New Jersey to be at home here." (Defs.' Br. at 12-13). The Court agrees. As the Court expressed in its December 15, 2023 Opinion, Plaintiffs did not dispute Defendants' assertions nor allege any facts challenging that Fairbank "resides in Virginia, works in Virginia, and manages a company headquartered in Virginia." (ECF No. at 5). Plaintiffs have not set forth *any* new allegations pertaining to Fairbank in the Second Amended Complaint that would change the Court's previous conclusion. Accordingly, the Court finds that it does not have general personal jurisdiction over Fairbank.

### ii.  Specific Jurisdiction

"Specific" or "case-linked" jurisdiction depends on an affiliation between the forum state and the defendant's "suit-related conduct." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). "Specific

---

[5] The defendant's "contacts need not relate to the subject matter of the litigation[,]" *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 633 (D.N.J. 2004), but must rise to "'a very high threshold of business activity.'" *Id.* (quoting *Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am.*, 651 F.2d 877, 890 n.2 (3d Cir. 1981) (Gibbons, J., dissenting)). The facts required to establish sufficient contacts for general jurisdiction must be "'extensive and persuasive.'" *Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982) (quoting *Compagnie*, 651 F.2d at 890 (Gibbons, J., dissenting)). In other words, the plaintiff must demonstrate "significantly more than mere minimum contacts to demonstrate general jurisdiction." *Provident Nat'l Bank*, 819 F.2d at 437.

jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state." *Marten*, 499 F.3d at 296 (citing *Helicopteros*, 466 U.S. at 414-15 & n.9). "A single contact that creates a substantial connection with the forum can be sufficient to support the exercise of personal jurisdiction over a defendant." *Miller Yacht Sales*, 384 F.3d at 96 (citing *Burger King*, 471 U.S. at 475 n.18). But "[t]he contacts must be the defendant's own choice and not 'random, isolated, or fortuitous.'" *Ford*, 592 U.S. at 359 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)).

The Third Circuit has laid out a three-part test to determine whether specific jurisdiction exists as to a particular defendant. *O'Connor*, 496 F.3d at 317. First, the defendant must have "purposefully directed [its] activities at the forum." *Id.* (internal quotation marks omitted). This factor has also been characterized as "purposeful availment," and focuses on contact that the defendant itself created within the forum state. *Burger King*, 471 U.S. at 475. The "purposefully directed" or "purposeful availment" requirement is designed to prevent a person from being haled into a jurisdiction "solely as the result of random, fortuitous, or attenuated contacts" or due to the "unilateral activity of another party or third person[.]" *Id.* (internal quotation marks omitted) (citing *Keeton*, 465 U.S. at 774; *World-Wide Volkswagen Corp.*, 444 U.S. at 299; *Helicopteros*, 466 U.S. at 417). "Second, the plaintiff's claims 'must also arise out of or relate to' the defendant's activities." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129-30 (3d Cir. 2020) (quoting *O'Connor*, 496 F.3d at 317); *see also Helicopteros*, 466 U.S. at 414. "And third, exercising personal jurisdiction must not 'offend traditional notions of fair play and substantial justice.'" *Danziger*, 948 F.3d at 130 (quoting *O'Connor*, 496 F.3d at 317); *see also International Shoe*, 326 U.S. at 316.

Here, Plaintiffs allege "Defendant(s) conduct[] business in the City of Newark in the State of New Jersey" and that "all transactions and occurrences alleged in the instant Complaint occurred in the City of Newark, in the State of New Jersey." (SAC ¶¶ 1, 3). However, as the Court previously expressed in its December 15, 2023 Opinion, these allegations appear to relate only to Gonzalez, the "Branch Manager" of the Capital One branch. (*See* SAC ¶¶ 6, 8). The Second Amended Complaint merely describes Fairbank in the caption as "Capital One Chairman and CEO," but his position does not establish specific personal jurisdiction. *See Les Giblin LLC v. La Marque*, No. 20-13827, 2021 WL 1997376, at *4 (D.N.J. May 19, 2021) ("[T]he law is clear that a corporate officer or agent who has contact with the forum state only with regard to the performance of corporate duties does not thereby become subject to jurisdiction in his or her individual capacity.") (internal quotation marks omitted); *Nelligan v. Zaio Corp.*, No. 10-1408, 2011 WL 1085525, at *3 (D.N.J. Mar. 21, 2011) (The "Supreme Court has recognized that jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him.") (cleaned up).

As Plaintiffs have failed to set forth sufficient allegations of any minimum contacts by Fairbank to trigger specific personal jurisdiction, the Court finds that Fairbank has not purposely availed himself of New Jersey courts such that litigation could be brought against him here. Since Plaintiffs have failed to satisfy the first element, the Court need not consider the remaining two elements. Accordingly, the Court dismisses the claims against Fairbank without prejudice. *See Aldossari ex rel. Aldossari v. Ripp*, 49 F.4th 236, 262 (3d Cir. 2022) (explaining that a dismissal for lack of jurisdiction should be without prejudice as the court has not expressed a view of the plaintiff's claims on the merits).

**B.  Plaintiffs Have Not Properly Served Defendants**

Defendants also move to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5), which permits dismissal for insufficient service of process.  (Defs.' Br. at 9-13).  "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied."  *Wahab v. N.J. Dep't of Envtl. Prot.*, No. 12-6613, 2017 WL 4790387, at *5 (D.N.J. Oct. 24, 2017) (quoting *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).  Federal Rule of Civil Procedure 4 governs the requirements that must be met for proper service under Rule 12(b)(5).  *DiSantis v. Allied Constr., LLC*, No. 17-11379, 2018 WL 3647210, at *3 (D.N.J. July 31, 2018).  In addition, "the party asserting the validity of service bears the burden of proof on that issue."  *Grand Entertainment Grp. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993).

Defendants argue that service was improper as to Gonzalez and Fairbank because Plaintiffs have merely repeated their same "service mistakes" by attempting to serve them by mailing the Second Amended Complaint.  (Defs.' Br. at 10).  Generally, a "summons must be served with a copy of the complaint."  Fed. R. Civ. P. 4(c)(1).  In addition to following New Jersey and Virginia's service of process requirements, Plaintiffs could have (1) "deliver[ed] a copy of the summons" and Second Amended Complaint to Defendants "personally;" (2) "le[ft] a copy of each at Defendants' "dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (3) "deliver[ed] a copy of each to" an authorized agent.  Fed. R. Civ. P. 4(e)(1), (2)(A)-(C).  The Court outlined the different forms of service in its December 15, 2023 Opinion, (*see* ECF No. 16 at 6-7), however, Plaintiffs have failed to properly serve Gonzalez and Fairbank. Their Affidavit of Service reflects they mailed the Second Amended Complaint, (*see* ECF No. 18-2 ("I, did

12

personally serve UPON defendants by personal service VIA certified mail[.]")).  This is not an appropriate method of service under Federal Rule of Civil Procedure 4(e).

Similarly, Plaintiffs have failed to satisfy either New Jersey or Virginia's requirements for serving individuals.  The Court recognizes that although New Jersey has found mailing a copy of the complaint proper in some instances, none apply here.  *See* N.J. Ct. R. 4:4-4(b)(1) (permitting mailed service "[i]f it appears by affidavit . . . that despite diligent effort and inquiry personal service cannot be made"), (c) (authorizing service "made by registered, certified or ordinary mail, provided, however, that such service shall be effective for obtaining *in personam* jurisdiction only if the defendant answers the complaint or otherwise appears in response thereto"); *see also Whitney v. Bloomin Brands, Inc.*, No. 20-12407, 2021 WL 1904706 (D.N.J. May 11, 2021) ("Challenging the sufficiency of service prior to answering the complaint, as Defendants do here, does not make service by mail effective under New Jersey law.").  Under Virginia law, service of summons may be accomplished,

> by serving an individual personally; by delivering a copy of the summons and complaint "and giving information of its purport" to a family member at the defendant's residence who is at least sixteen years old, where the individual is not found at his or her usual place of abode; or by posting a copy of the summons and complaint at the front door of the person's abode.

*Chien v. Grogan*, No. 16-1470, 2017 WL 1091504, at *2 (E.D. Va. Mar. 23, 2017) (quoting Va. Code Ann. § 8.01-296)).  As Plaintiffs neglected to first attempt to personally serve Gonzalez and Fairbank prior to mailing of the Second Amended Complaint, they have failed to satisfy the requirements for service in Virginia and dismissal is appropriate.  *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992) ("Upon determining that process has not been properly served on a defendant, district courts have broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process.").

Defendants further argue that service was improper as to Capital One. (Defs.' Br. at 11-12). Under Federal Rule of Civil Procedure 4(h)(1), a domestic or foreign corporation, partnership, or other unincorporated association, when served in the United States, must be served either (1) "in the manner prescribed by Rule 4(e)(1) for serving an individual" or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." Defendants contend, which Plaintiffs do not contest, that Plaintiffs did not personally deliver, or even mail, a copy of the Second Amended Complaint to Capital One. (*See* Declaration of Philip A. Goldstein ("Goldstein Decl."), ¶¶ 12-13, ECF No. 19-2). As such, the Court finds Capital One is not a proper party to this case. *See Kwanzaa v. Brown*, No. 05-5976, 2009 WL 4139393 (D.N.J. Nov. 17, 2009) ("[I]t appears that Defendant Ayers was never served. Because Ayers was never served, he never became a proper party to this case." (citing *Travillion v. Coffee*, 248 F. App'x 335, 337 (3d Cir. 2007))).

Defendants urge this Court to find that even if mailed service were permitted, "Plaintiffs have still failed to effect proper service of process because they did not provide a summons with the Second Amended Complaint." (Defs.' Br. at 12-13). The Court agrees. As stated *supra*, Federal Rule of Civil Procedure 4(c)(1) provides: "A summons must be served with a copy of the complaint." There is no documentary evidence that Plaintiffs served a summons when they mailed their Second Amended Complaint to Gonzalez and Fairbank. (*See* Goldstein Decl., Exs. 1-2). As the Court expressed in its December 15, 2023 Opinion, "[a] complaint may be dismissed for failure to serve a summons." (ECF 16 at 7 (citing *Adams Techs. LLC v. Well Shin Tech. Co.*, No. 18-10513, 2019 WL 3800236, at *6-7 (D.N.J. Aug. 13, 2019)). Courts, however, are "reluctant" to

grant dismissal when a "plaintiff acts in good faith, but fails to effect proper service of process . . . ." *Ramada Worldwide Inc. v. Shriji Krupa, LLC*, No. 7-2726, 2013 WL 1903295, at *6 (D.N.J. Apr. 17, 2013) (citations omitted). The Court previously found dismissal for failure to serve a summons not warranted because Plaintiffs had "attempted in good faith to serve process on Defendants" by "mailing the Amended Complaint to Capital One's Virginia facility." (ECF No. 16 at 8).

The Court finds Plaintiffs again failed to serve a summons on Defendants while attempting to serve process on Defendants by mailing the Second Amended Complaint. *See Adam Techs. LLC*, 2013 WL 1903295, at *7. Despite receiving a copy of the Second Amended Complaint and filing the Motion to Dismiss, service upon Defendants "was procedurally improper . . . ." *Ibid.* Accordingly, the Court dismisses the Second Amended Complaint, quashes service of process and grants Plaintiffs 60 days to effect proper service of process.

### C.  <u>The Amended Complaint Fails to State a Claim</u>

As discussed *supra*, the Court dismisses the Second Amended Complaint under Federal Rules of Civil Procedure 12(b)(2) and (5). Even if the Second Amended Complaint were not dismissed under Federal Rules of Civil Procedure 12(b)(2) and (5), the Court finds dismissal appropriate because Plaintiffs have failed to state a claim.

#### i.  <u>Count I</u>

Count I of the Second Amended Complaint alleges a violation of the "1964 Civil Rights Act" because of Defendants' purported failure to assist them with their "large business transaction." (SAC ¶ 7). As Plaintiffs claim fails as a matter of law, the Court dismisses Count I with prejudice.

Plaintiffs are seemingly relying upon Title II of the Civil Rights Act of 1964, which prevents discrimination by places of public accommodation.  It provides that: "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin."  42 U.S.C. § 2000a; *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241, 245 (1964).  A Title II claim requires a plaintiff to demonstrate that he or she

> (1) is a member of a protected class; (2) attempted to contract for services and afford *himself* [or herself] the full benefits and enjoyment of a public accommodation; (3) was denied the full benefits or enjoyment of a public accommodation; and (4) such services were available to similarly situated persons outside [his or] her protected class who received full benefits or were treated better.

*Anderson v. J.P. Morgan Chase Bank*, No. 22-5084, 2024 WL 1363468, at *4 (E.D. Pa. Mar. 29, 2024) (citing *Shumate v. Twin Tier Hosp., LLC*, 655 F. Supp. 2d 521, 537 (M.D. Pa. 2009)).  The only remedy available under Title II is a civil action for preventive relief, such as an injunction. *See Livingstone v. Hugo Boss Store, Atl. City, NJ*, No. 21-01971, 2021 WL 3910149, at *5 (D.N.J. Sept. 1, 2021) (citing *Three Rivers Center for Indep. Living v. Hous. Auth. of City*, 382 F.3d 412, 420 (3d Cir. 2004)).  Additionally, before bringing a claim under Title II, a plaintiff, pursuant to Section 2000a-3(c), must first notify a state or local government entity authorized to grant relief from the alleged discrimination or to institute criminal proceedings.  42 U.S.C. § 2000a-3(c).  "No civil action may be brought under Title II before thirty days after written notice of the matter to the appropriate state or local entity."  *Livingstone*, 2021 WL 3910149, at *5 (citing 42 U.S.C. § 2000a-3(c)).  "Compliance with Section 2000a-3(c) is a mandatory jurisdictional prerequisite and a Title II plaintiff must demonstrate that he or she has satisfied the notice requirement before a

federal court has subject matter jurisdiction to hear the plaintiff's claim." *Waiters v. Republic Bank*, No. 24-5728, 2024 WL 1928331, at *2 (D.N.J. May 2, 2024) (cleaned up).

Plaintiffs' claim is without merit and must be dismissed. First, Section 2000a plaintiff requires that a Title II plaintiff must be a member of a protected class. There are no such allegations here. The Second Amended Complaint does not allege any type of discrimination or mention any protected characteristics of Plaintiffs. 42 U.S.C. § 2000a(a) (listing "race, color, religion, or national origin" as protected classes under the statute).

Second, a place of "public accommodation" under Title II is limited to any establishment either affecting interstate commerce or supported by state action that falls into one of the following categories:

> (1) lodging for transient guests located within a building with more than five rooms for rent; (2) a facility principally engaged in selling food for consumption on the premises, including such facilities located within retail establishments and gasoline stations; (3) any place of exhibition or entertainment; (4) any establishment located within an establishment falling into one of the first three categories, and which holds itself out as serving patrons of that establishment; or (5) any establishment that contains a covered establishment, and which holds itself out as serving patrons of that covered establishment.

*Akyar v. TD Bank US Holding Co.*, No. 18-379, 2018 WL 4356734, at *5 (S.D.N.Y. Sept. 12, 2018) (internal quotation marks omitted); *see also* 42 U.S.C. § 2000a(b). Title II's list of covered establishments is comprehensive and "excludes from its coverage those categories of establishments not listed." *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 429, 431 (4th Cir. 2006) ("Congress has clearly delineated those entities that fall within Title II's ambit, and [courts] are not at liberty to go beyond what it has plainly enacted."); *Castillo v. Receptionist for Cathy Polcinik*, No. 15-2296, 2016 WL 4124057, at *3 (E.D. Pa. Aug. 3, 2016). Banks are not enumerated establishments qualifying as public accommodations under the plain text of Title II. *See Jarvis v. Wells Fargo Bank, N.A.*, No. 21-687, 2022 WL 1663568, at *3 (D. Md. May 25, 2022)

17

(finding "banks are not places of public accommodation within Title II's ambit"); *Pullins v. Bank*, No. 19-0006, 2020 WL 1450560, at *4 (M.D. La. Mar. 25, 2020); *Akyar*, 2018 WL 4356734, at *5 (S.D.N.Y. Sept. 12, 2018) (collecting cases). Therefore, Plaintiffs cannot show that they were denied the full benefits or enjoyments of a public accommodation because a bank is not a public accommodation under Title II.

Third, even if banks were places of public accommodation, Plaintiffs have not pleaded compliance with Title II's thirty-day state notice requirement. 42 U.S.C. § 2000a-3(c). Section 2000a-3(c)'s notice requirement applies here because Plaintiffs allege Title II discrimination in New Jersey, a state which has an established government entity to address claims of discrimination. *See Livingstone*, 2021 WL 3910149, at *6. Without providing such notice as outlined in the statute, the Court is without jurisdiction to consider Plaintiffs' Title II claim.

Finally, Plaintiffs' Title II claim fails because they seek monetary relief. *Scott v. Police & Fire Fed. Credit Union*, No. 22-0988, 2022 WL 17547279, at *3 (D.N.J. Dec. 9, 2022) (dismissing *pro se* plaintiff's Title II claim with prejudice for seeking compensatory damages). A Title II plaintiff cannot seek damages under Title II other than for attorney's fees. *See Livingstone*, 2021 WL 3910149, at *5 (citing *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400 (1968)); 42 U.S.C. § 2000a-3. The exclusive means of redress under Title II is non-monetary injunctive relief. *Livingstone*, 2021 WL 3910149, at *5. The Second Amended Complaint's demand for "$1,500,000.00" is foreclosed by Title II. *Scott*, 2022 WL 17547279, at *3 ("Dismissal of Plaintiff's Complaint is warranted because it asserts a theory of recovery that is not just implausible, but indeed impossible under Title II.").

18

The Court will dismiss Count I with prejudice. Because banks are not places of public accommodation under Title II, amendment of this claim would be futile. *Id.* at *4 (dismissing *pro se* Title II count with prejudice because further amended would be futile).

### ii.  Count II

In Count II of the Second Amended Complaint, Plaintiffs allege suffered a "commercial injury over $100,000.00" because they lost funds "due to poor service then no service for causing what should have been a one house transaction with the bank," which was "based on the bank[']s failure to assist one of its own customers." (SAC ¶¶ 9-10). Defendants assert, and the Court agrees, there is no generic commercial injury cause of action under New Jersey or federal law. (Defs.' Br. at 15).

Construing Count II liberally, as the Court must do at this stage, Plaintiffs seemingly attempt to assert a negligence claim. "Under New Jersey law, the three elements essential for the existence of a cause of action in negligence are: '(1) a duty of care owed by defendant to plaintiff; (2) a breach of that duty by defendant; and (3) an injury to plaintiff proximately caused by defendant's breach.'" *Maran v. Victoria's Secret Stores, LLC*, 417 F. Supp. 3d 510, 523 (D.N.J. 2019) (quoting *Endre v. Arnold*, 692 A.2d 97, 100 (N.J. Super. Ct. App. Div. 1997)). Plaintiffs fail to allege any specific facts suggesting Defendants had a duty to assist customers with opening new accounts at Capital One. Moreover, even if Plaintiffs alleged a duty of care, Count II is comprised of legal conclusions without supporting facts. Plaintiffs' conclusive allegations of lost funds due to Defendants' failure to provide them with service lack factual detail. *See Iqbal*, 556 U.S. at 679 (expressing legal conclusions cannot support the plausibility of a claim). Accordingly, the Court dismisses Count II without prejudice.

### D. **Motion for Default**

Finally, the Court considers Plaintiffs' motion for default judgment against Defendants. (*See* ECF 18-1). The Court notes Plaintiffs have failed to set forth any arguments in support of their motion. Notwithstanding, the Court finds Plaintiffs' motion fails for two reasons. First, as discussed *supra*, the Court has dismissed the Second Amended Complaint. As there is no operative complaint currently before the Court, Plaintiffs are not entitled to default judgment. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim." (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975))); *Buchannon v. Assoc. Credit Servs., Inc.*, No. 20-2245, 2021 WL 5360971, at *4 (S.D. Cal. Nov. 17, 2021) ("[I]f no operative complaint exists, default judgment would be improper.").

Even if the Second Amended Complaint were not dismissed, Plaintiffs' motion must be denied as Plaintiffs have failed to comply with the procedural requirements of Federal Rule of Civil Procedure 55. Before parties may move for default judgment pursuant to Rule 55(b), the Clerk must enter default pursuant to Rule 55(a). *DeTore v. Local No. 245 of the Jersey City Pub. Emps. Union*, 511 F. Supp. 171, 176 (D.N.J. 1981) ("[N]o default judgment may be entered under Fed. R. Civ. P. 55(b) . . . unless a *default* has previously been entered by the clerk under 55(a)."). Thus, Rule 55 contemplates a two-step process: first, the entry of default, then if the defendant fails to seek vacation of default, the granting of a subsequent motion for default judgment. This process complements the Third Circuit's policy of disfavoring default judgments and encouraging decisions on the merits. *Harad v. Aetna Casualty and Surety Co.*, 839 F.2d 979, 982 (3d Cir. 1988) (citations omitted); *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984).

Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*, and that failure is shown by affidavit or otherwise[.]" (Emphasis added). On January 4, 2024, Plaintiffs moved for default judgment and included the Second Amended Complaint in their motion. (ECF No. 18). On January 14, 2024, Defendants responded by filing the pending motion to dismiss.  (ECF No. 19).  By filing their motion to dismiss, Defendants have "otherwise defend[ed]" this matter and are not in default.  *See Dimedio v. HSBC Bank*, No. 08-5521, 2009 WL 1796072, at *2 (D.N.J. June 22, 2009) (finding the defendant "was not in default when [the p]laintiff sought default judgment, and is not presently in default because the defendant had already filed a motion to dismiss"); *see also* Elizabeth J. Sher, New Jersey Federal Civil Procedure § 16-3:2 ("The term 'otherwise defend' refers to a motion challenging such matters as service, venue, or the sufficiency of a pleading. . . . These motions would preclude entry of default.").

Based on the foregoing, Plaintiffs' motion for default judgment is denied.

## IV.    <u>CONCLUSION</u>

For the reasons set forth above, Defendants' motion to dismiss is **GRANTED** and the Second Amended Complaint is **DISMISSED without prejudice**, except for Count I, which is **DISMISSED with prejudice**.  Plaintiffs shall effectuate proper service of process within sixty (60) days of the filing of an amended complaint curing the deficiencies addressed in the Opinion. Plaintiffs' motion for default judgment is **DENIED**.

An appropriate Order accompanies this Opinion.

DATED: <u>11/7/2024</u>

HONORABLE JULIEN XAVIER NEALS
United States District Judge